UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| McClinton Bass, #213209, | ) C/A No. 6:05-727-TLW-WMC |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| | ) For Summary Dismissal |
| Oscar Faulkenberry, Warden; | ) |
| David Dunlap, Assistant Warden; and | ) |
| Angela Hardin, Grievance Caseworker, | ) |
| Defendants. | ) |

The plaintiff, McClinton Bass (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Kershaw Correctional Institution (Kekrshaw), a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants the warden, an assistant warden and a grievance caseworker at Kershaw. Plaintiff claims he is concerned for his safety because he has received threats based on a prior charge that he assaulted an officer at Kershaw. He requests to be transferred to another institution and for "2 million dollars for pain and suffering due to stress caused by the defendants." Complaint at 7.[2] He also mentions a pending warrant , but does not specifically request relief as to the warrant.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] The complaint consists of seven total pages. Plaintiff has placed his statement of claims on four pages inserted into the complaint form between the first two pages and the last page of the standard form used for § 1983 cases. References to the page number is sequential from the first page.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro*

*se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

## Background

Plaintiff was involved in an incident with an officer, for which he was charged and found guilty of "striking an employee with or without a weapon." The officer is no longer employed at Kershaw. Plaintiff now claims he is concerned for his safety, because "I have had three officer say why were you trying to through (sic) the officer over rail. Statements like that causes some problems and I would like to be transferred off this yard to stop the smart comments toleration (sic) and threats. Of course it appears that they are trying to get even." Complaint at 5. Plaintiff submits attachments to the complaint, that include the Disciplinary Report and Hearing Record, several Request to Staff Member forms, as well as a Step 1 Inmate Grievance Form. Only the Request to Staff Member dated October 11, 2004, mentions a threat to Plaintiff, and it was apparently made by the officer involved in the disciplined incident. On page two of the complaint form, Plaintiff asserts that he has filed a grievance concerning his claims, and a final

determination has been made by SCDC concerning his claims. The grievance number provided by Plaintiff is the same number on the Step 1 Inmate Grievance Form attached to the complaint, which does not raise the issue of threats to Plaintiff. The remedy requested is to be transferred from Kershaw "for my 'safety' from retaliation from the defendants," as well as monetary compensation.

## Discussion

The plaintiff has filed this action pursuant to 42 U.S.C. § 1983. Because the plaintiff is a prisoner, 42 U.S.C. § 1997e(a) is applicable to his civil rights action. Title 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held that under 42 U.S.C. § 1997e(a) an inmate must exhaust administrative remedies irrespective of the form of relief sought, so that an inmate seeking money damages must exhaust administrative processes available even if the remedy sought, money damages, cannot be awarded in the process. Booth v. Churner, 532 U.S. 731 (2001). The requirement of § 1997e(a) to exhaust administrative remedies applies to all prisoners "seeking redress for prison circumstances or occurrences." Porter v. Nussle 534 U.S. 516 (2002). In Porter, supra, the Court makes it clear that the PLRA's exhaustion requirement applies to all prisoner suits concerning prison life, and "resort to a prison grievance process must precede resort to a court." Id. at 534.

Plaintiff has not exhausted the administrative remedies available to him as required by §

1997e(a).  Although the complaint asserts that the prison grievance process was utilized by Plaintiff to raise his claims, the Step 1 Grievance form attached to and referenced in the complaint, do not raise Plaintiff's claim of threats from officers.  The SCDC grievance process consists of step one, which includes review by the warden, and an appeal of the warden's decision, step two.  The United States Supreme Court has stated that "[s]ince internal problems of state prisons involve issues so peculiarly within state authority and expertise, the States have an important interest in not being bypassed in the correction of those problems."  Preiser v. Rodriguez, 411 U. S. 475, 492 (1973).  Plaintiff provides no information concerning use of the SCDC grievance process to raise his concerns over his safety after threats from officers.  Plaintiff's complaint should be dismissed for failure to exhaust administrative remedies.

Even if Plaintiff could show that he has exhausted administrative remedies, the complaint fails to state a claim against the named defendants.  The complaint does not allege Defendants Faulkenberry, Dunlap or Hardin threatened Plaintiff.  The complaint makes a generic allegation that officers have threatened Plaintiff, but specific people are not named, or the specific threats alleged.  *See* Weller v. Dep't of Social Servs., 901 F.2d 387, 397 (4th Cir. 1990) (upholding district court's dismissal of defendants where no allegations were made against them or suggested that defendants "played any part in the alleged violation").  In as much as Plaintiff may be suing the Defendants in a supervisory capacity, it is well-settled that the doctrine of vicarious liability and the doctrine of respondeat superior are not applicable in § 1983 actions.  Vinnedge v. Gibbs, 550 F.2d 926, 927-929 (4th Cir. 1977); *see also* Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.")

5

(citing Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978)).

Section 1983 liability on the part of a supervisory defendant requires a showing that the supervisory defendant tacitly authorized or was indifferent to the prison official's actions which violate constitutional rights. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). If Plaintiff is claiming the Defendants authorized or were indifferent to the alleged threats of officers against him, he fails to allege facts establishing the violation of a constitutional right by the officers. It is well settled that "the use of vile and abusive language is never a basis for a civil rights action." Sluys v. Gribetz, 842 F. Supp. 764, 765 n. 1 (S.D.N.Y. 1994), *aff'd*, 41 F.3d 1503 (2d Cir.1994), *cert. denied*, 514 U.S. 1005 (1995). Hence, the use of abusive or threatening language by officers, even if alleged, is not actionable under 42 U.S.C. § 1983. *See also* Batista v. Rodriguez, 702 F.2d 393, 398 (2d Cir. 1983); Malsh v. Austin, 901 F. Supp. 757 (S.D.N.Y. 1995)("Verbal assault, standing alone, is not a judicially cognizable injury in a § 1983 civil rights action."). Thus, the Defendants, in a supervisory capacity, could not be liable for authorization or indifference to violation of Plaintiff's constitutional rights.

Furthermore, the plaintiff is not entitled to compensatory damages for stress caused by the Defendants. Because the plaintiff is a prisoner, § 1997e(e) applies to limit any recovery for mental or psychological damages. Title 42 U.S.C. § 1997e(e) states "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." No such showing of injury has been made in the complaint. The PLRA requires the court to dismiss an action that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].  The plaintiff's attention is directed to the notice on the following page.

                 s/William M. Catoe
                 United States Magistrate Judge

March 29, 2005
Greenville, South Carolina